■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHNNIE DUNCAN, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: Defendant and a codefendant not involved in this appeal were convicted of the crime of robbery in the second degree. The victim, a laundry salesman, made a call in an apartment building and as he was about to leave one man grabbed him from behind while a second man facing him searched his pockets and took his money. The victim had no difficulty in observing and identifying the codefendant as the one who searched him. He did not, however, get a good look at the face of the man who held him. He saw him for only a fraction of a minute with little opportunity to discern his features. He did not know him and testified that he was not sure that defendant was the man who held him. About one hour after the crime had been committed the victim saw a police car go by with the two defendants in it; he followed the police car until it stopped and told the police that he was the man who had been mugged, whereupon the officer asked him to look and see if he could identify the men in the car. At this time he said defendant resembled one of the men but he could not positively identify him since he was wearing a bright orange shirt while the man who had held him had been wearing a brown shirt or jacket. We do not consider the police car identification so unfair as to preclude the victim from giving testimony upon the trial that defendant resembled the man who had held him. The procedure used, viewing the totality of the circumstances, was not necessarily so suggestive and conducive to an erroneous identification that it violated due process. It was in accord with desirable police practice. (See *Simmons* v. *United States,* 390 U. S. 377; *Stovall* v. *Denno,* 388 U. S. 293; *People* v. *Logan,* 25 N Y 2d 184; *People* v. *Rivera,* 22 N Y 2d 453.) The defendants were thereafter taken to the police station and, while surrounded by police officers and with no other suspects present, the victim was asked to " positively identify one way or the other whether or not these were the gentlemen who committed the crime ". He said, " These are the men who mugged me ", whereupon defendants were placed under arrest. We conclude that this pretrial positive identification was so unfair as to amount to a denial of due process of law. (*People* v. *Brown,* 20 N Y 2d 238.) Furthermore, it had no independent source and was not based on observations of defendant made at the time of the criminal event but may very well have been the result of the earlier avowal of resemblance. Consequently, the in-court positive identification had no basis other than the show-up identification and was therefore rendered inadmissible upon the trial. We are also of the opinion that the evidence of identification was insufficient to support a finding that defendant's guilt was established beyond a reasonable doubt. The identity of the defendant as the person who held the victim from behind was not shown with sufficient certainty to preclude a reasonable possibility of mistake. (*People* v. *Davino,* 288 N. Y. 423.) (Appeal from judgment of Supreme Court, Erie County, convicting defendant of robbery, second degree.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.